**In re S.J.,**

**P.J., Appellant.**

**No. 93–FS–1211.**

District of Columbia Court of Appeals.

Oct. 21, 1993.

Theodore R. Weckel, Washington, DC, for appellant.

John Payton, Corp. Counsel, Arlene Robinson, Deputy Corp. Counsel, and June Melvin Nickens and Sonya Adamo, both Asst. Corp. Counsel, Washington, DC, filed an opposition to the motion for summary reversal.

Before FARRELL and KING, Associate Judges, and NEWMAN, Senior Judge.

PER CURIAM:

■ Appellant, the mother of a child placed in shelter care following a determination by the Family Division that there was probable cause to believe the mother had neglected her, D.C.Code § 16–2312 (1989), attempts to bring this interlocutory appeal seeking summary reversal of the shelter care determination. We dismiss the appeal for lack of jurisdiction. The relevant interlocutory appeal statute, D.C.Code § 16–2328(a), provides that "[a] *child* who has been . . . placed in shelter care . . . may, within two days of the Division's order, file a notice of interlocutory appeal" (emphasis added). Because it is not the child who has brought this appeal (but rather her mother), we lack jurisdiction to entertain it under the plain language of the statute. Nor does the statute, so interpreted, violate procedural due process. *See Lassiter v. Department of Social Servs. of Durham County,* 452 U.S. 18, 101 S.Ct. 2153, 68 L.Ed.2d 640 (1981); *Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). The deprivation of custody alleged by the mother is temporary and subject to a full factfinding hearing at which the government must prove its allegations by a preponderance of the evidence. D.C.Code §§ 16–2316, –2317.

The appeal is, accordingly,

*Dismissed.*